**Clara E. FRASER, Appellant,**

v.

**Orville F. FRASER, Respondent.**

**No. 47726.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 17, 1984.

Rickey, Price, Spaeth & Heisserer, John P. Heisserer, Cape Girardeau, for appellant.

James M. Turnbow, Cape Girardeau, for respondent.

CRIST, Presiding Judge.

Husband filed a motion to convert a decree of legal separation, entered May 9, 1978, to a decree of dissolution of marriage, and to modify the decree of separation. Apparently, the trial court granted the motion to convert, though no mention is made of it in the court's decree of August 19, 1983. The trial court also found wife violated the terms of the property settlement in the decree of separation by failing to apply proceeds from the sale of the former marital residence toward the purchase of a new house. The trial court reduced wife's maintenance award from $125.00 per week to $62.50 per week beginning January 1, 1985. We affirm.

On May 9, 1978, the circuit court of Cape Girardeau County, Missouri, entered a decree of legal separation ordering husband and wife to abide by the terms and conditions of their property settlement agreement of April 10, 1978. The property settlement agreement called for husband to pay wife $125.00 per week for support and maintenance. In addition, this agreement provided for the sale of the marital residence, with the proceeds applied to certain pre-existing debts and the remainder going to help wife purchase another residence. Husband agreed to co-sign a note and deed of trust for the new residence. Paragraph nine of this agreement, pertaining to reduction of maintenance, provides:

> 9. The Husband's support and maintenance payments to the Wife shall be reduced to the sum of Sixty-two and 50/100 Dollars ($62.50) per week if any one of the following events occur:
>
> a. The wife sells her new residence.

b. The note and deed of trust on the Wife's new residence is paid in full.

c. The retirement of Orville F. Fraser [Husband] because of age or disability.

The trial court found the spirit and letter of this agreement contemplated wife would purchase a house or mobile home with the proceeds from the sale of the former marital residence. The trial court found the former marital residence was sold, but wife did not purchase nor make a good faith effort to purchase a home after July 10, 1978. The trial court further found wife could have bought a small house or mobile home in 1978, and if she had, the note and deed of trust to the house would be paid as of January 1, 1985. The trial court found wife's actions and/or inactions activated paragraph nine (*supra*) of the separation agreement, and reduced wife's maintenance award to $62.50 per week, effective January 1, 1985.

In her four points on appeal, wife asserts the trial court erred in granting husband's motion to modify maintenance. Section 452.365 RSMo 1978 provides in pertinent part:

> *Party failing to comply with decree, effect of.*—If a party fails to comply with a provision of a decree or temporary order or injunction, the obligation of the other party to make payments for support or maintenance or to permit visitation is not suspended but he may move the court to grant an appropriate order.

Here, the whole purpose of a larger maintenance award, ($125.00 per week) was to help wife pay for her new residence. After she sold the new residence, or paid off the note, or husband retired, the maintenance was to be reduced by one-half, to $62.50 per week. A provision in the separation decree, (now the dissolution decree), pertaining to the former marital residence, provided "[t]he remaining balance from the sale of the property shall go to the Wife for her to purchase another residence." The trial court found wife did not make a good faith effort to comply with this provision. Wife's failure to comply in a timely manner triggered paragraph nine of the separation decree. Upon husband's motion, this was a proper situation for the trial court to make an appropriate order, pursuant to § 452.365. *See Gross v. Gross*, 557 S.W.2d 448, 453 (Mo.App.1977). We find no error in the trial court's order reducing maintenance from $125.00 to $62.50 per week, effective January 1, 1985.

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.